## Guard Insurance Group v.
## D.N. Betters Drywall Inc.

312

*Joel E. Hausman,* for plaintiff.
*Craig E. Wynn,* for defendant.

KUNSELMAN, *P.J.,* March 23, 2005—This is an action by an insurance company to recover premiums it claims to be due from the defendant on an insurance contract which provided coverage for workers' compensation. From the testimony and evidence, we make the following

## FINDINGS OF FACT

(1) The plaintiff, Guard Insurance Group, is a corporation with offices located in the City of Wilkes-Barre, Pennsylvania.

(2) The defendant, D.N. Betters Drywall Inc., is a corporation with offices located in the City of Aliquippa, Beaver County, Pennsylvania.

(3) At Betters' request, Guard issued its policy of insurance to provide workers' compensation coverage to Betters for a period of one year.

(4) Under the terms of the policy, the premium was to be computed by multiplying a rate, determined from classifications of persons to whom workers' compensation benefits might be awarded which classifications were determined based upon exposure or risk, against the premium basis. The premium basis includes payroll and amounts paid or payable for the services of offices, employees and independent contractors who themselves had no workers' compensation insurance coverage. (Plaintiff's exhibit 1, pp. 4-5.)

(5) The initial premium was an estimated premium based upon Betters' estimated payroll. The final premium was to be determined when the policy ended based upon actual premium basis.

(6) With regard to the final premium, the policy provided as follows:

"(E) *Final premium*

"The premium shown on the information page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must

pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy. If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

"(1) If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

"(2) If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short rate cancellation table and procedure. Final premium will not be less than the minimum premium.

"(F) *Records*

"You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

"(G) *Audit*

"You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision." Plaintiff's exhibit 1, p. 5.

(7) The policy issued by Guard to Betters ended on February 1, 2001.

(8) Guard arranged for an audit pursuant to the policy provisions hereinabove quoted.

(9) The audit was conducted by Charles Rossi, an employee of Regional Reporting Inc., an independent contractor.

(10) Charles Rossi asked Kelly Vincent, Betters' Office Manager, to provide him with documentation from which he could perform the audit, including copies of W-2 forms of Betters' employees, 1099 forms provided to Betters' subcontractors and certificates of workers' compensation insurance coverage of those subcontractors who had that coverage.

(11) Rossi submitted an audit report to Guard which, among other things, reported payments by Betters to a subcontractor named "Escobedo, Juan" in the amount of $141,909.

(12) The audit report submitted by Rossi further reported that Escobedo had other subcontractors working for him but had no workers' compensation insurance coverage.

(13) Rossi had not asked Kelly Vincent any questions about Escobedo and she did not provide him with any information that indicated Escobedo had either employees or subcontractors working for him.

(14) Neither Betters nor Guard know how Rossi concluded that Escobedo had other subcontractors working for him, and Rossi did not testify.

(15) As a result of the audit report, Guard submitted an invoice to Betters for the balance due on the final premium in the amount of $10,639.

(16) If the amount paid by Betters to Escobedo is not considered in the computation of the final premium, the final premium due is $1,680.

## Discussion

The only evidence of the actual premium basis was the audit report of Mr. Rossi, plaintiff's exhibit 2. When exhibit 2 was offered, counsel for Betters objected to it because it contained conclusions of Rossi which were not verified. At that time, the court overruled the objection, concluding that the objection went to the weight of the exhibit, not to its admissibility. While we believe our ruling was not clear error based upon the record at that time, we now conclude that the report is not trustworthy, at least with regard to the inclusion of the amount paid to Escobedo in the computation of the actual premium basis.

The Uniform Business Records as Evidence Act allows the admission of such a report if it is "[a] record of an act . . . if the custodian or other qualified witness testifies to its identity and the mode of preparation, and it was made in the regular course of business at or near the time of the act, . . . and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission." 42 Pa.C.S. §6108(b).

Similarly, the Pennsylvania Rules of Evidence provide, in relevant part:

"The following statements, as hereinafter defined, are not excluded by the hearsay rule, even though the declarant is available as a witness: . . .

"(6) A . . . report, . . . of acts, . . . made . . . from information transmitted by a person with knowledge, if kept in the regular course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . report, all as shown by the testimony of . . . [a] qualified witness, . . . unless the source of the information or other circumstances indicate lack of trustworthiness." Pa.R.E. 803(6).

When exhibit 2 was offered, the testimony indicated that the auditor, Rossi, had secured the information from Betters' office manager. However, Betters' office manager testified that she did not provide Rossi with information concerning independent contractors employed by Escobedo. We find her testimony to be credible. Therefore, we conclude that Rossi's source of information did not justify the admission of evidence as to Escobedo's remuneration under the Uniform Business Records as Evidence Act, nor was the source of his information in this regard trustworthy to justify its admission under Pa.R.E. 803(6).

Consequently, we will find in favor of Guard and against Betters, but limit our award to a recovery for a final premium due after excluding the amount paid to Escobedo by Betters.

## DECISION

The court finds in favor of the plaintiff, Guard Insurance Group, and against the defendant, D.N. Betters Drywall Inc., in the amount of $1,680.